Requestor: Peter K. Hulburt, Esq. Cuba Lake District P.O. Box 105 Cuba, New York 14727-0105
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked several questions relating to petitions that have been filed concerning the dissolution of the Cuba Lake District. We need only reach your more general question as to whether the Legislature has authorized the voters to petition for a referendum to abolish the Cuba Lake District. Our response to that question resolves the other questions.
The Cuba Lake District was established by special act of the State Legislature to maintain Cuba Lake and surrounding property in Allegany and Cattaraugus Counties (L 1981, ch 264). The legislation established the procedure by which the Towns of Cuba and Ischua formed the district and provides for the administration of the district.
The procedure to establish the Cuba Lake District culminates with a voter referendum (id., § 4). There is no provision in the legislation establishing the Cuba Lake District for the dissolution of the district. There is only a general authorization for the presentation of propositions affecting the district to the voters upon a petition or upon resolution of the commissioners of the district (id., §§ 6, 7). While the district and its commissioners generally are granted additional powers vested in town improvement districts and improvement district commissioners (id., § 11), the dissolution procedures for town improvement districts cannot practically be applied to the Cuba Lake District and there is no apparent intent in the Cuba Lake legislation to apply such procedures.
In our view, the Cuba Lake District legislation does not authorize the dissolution of the district by petition and subsequent vote of the electors. The legislation provides no procedure for dissolution. The general authorization to place a proposition on the ballot, in our view, does not contemplate a proposition to dissolve the district. Dissolution can be a complex process requiring distribution of existing debt, assets and property of the district. The legislation provides no guidelines for this process and in our view does not contemplate dissolution.
It is a well-established rule of law in this State that a referendum may be held by a local government or other local entity only if expressly authorized by State statutory authority (1985 Op Atty Gen [Inf] 57). As we have indicated, there is no express authorization for a referendum to dissolve the Cuba Lake District. Generally, in establishing local entities the Legislature has expressly provided a procedure for dissolution which takes into consideration the distribution of the property and assets of the entity and its existing indebtedness (see Racing, Pari-Mutuel Wagering and Breeding Law, § 502; General Municipal Law, § 882). No dissolution procedure has been provided with respect to the Cuba Lake District nor can one be reasonably implied.
We conclude that the legislation establishing the Cuba Lake District does not authorize the dissolution of the district. The district, created by the State Legislature, can be dissolved only by act of the State Legislature. Thus, a petition by the electors of the district to dissolve the district is of no legal effect.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.